UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JALDHI OVERSEAS PTE LTD., <br><br>VERSUS<br><br>UNITED BULK CARRIERS INTERNATIONAL LTDA., *in personam,* and THE MASTER OF THE M.V. PEDHOULAS FARMER and NORTON LILLY INTERNATIONAL, *as garnishees.* | CIVIL ACTION NO.<br><br>SECTION<br><br>MAGISTRATE |

**VERIFIED ORIGINAL COMPLAINT**
**FOR RULE B MARITIME ATTACHMENT AND GARNISHMENT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Jaldhi Overseas Pte Ltd. ("Jaldhi"), for its Verified Complaint against United Bulk Carriers International LTDA ("United Bulk"), *quasi in rem*, and charterer of the vessel M/V PEDHOULAS FARMER ("Vessel") for maritime attachment and garnishment, and stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully represents as follows upon information and belief:

**JURISDICTION AND VENUE**

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court, pursuant to 28 U.S.C. §1333, and within the meaning of Rule 9(h) AND Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure ("Supplemental Rule B").  This is an action *quasi in rem* against United Bulk for maritime attachment and garnishment of the property of defendant in or soon to be in this District.

2.

Venue is proper in this Court because the Vessel is or soon will be within this District. Defendant United Bulk is not found within this District within the meaning of Supplemental Rule B, and has no appointed agent for service of process in this District. As shown more fully below, Defendant United Bulk cannot be found in this District for purposes of Rule B(1) of the Supplemental Rules of Certain Admiralty and Maritime Claims, and Plaintiff is desirous of attaching any property of United Bulk in the hands of the garnishee named herein, which garnishee is located in the District. (See Affidavit attached as Exhibit 1).

**IDENTITY OF PARTIES**

3.

At all material times, Jaldhi was, and is now, a corporation duly formed and existing pursuant to the laws of Singapore, and is engaged in the operation and chartering of vessels on a world-wide basis.

4.

Defendant United Bulk is a corporation duly formed and existing pursuant to the laws of Madeira and the charterer of the Vessel.  The Vessel is or soon will be in this District at Reserve in the Lower Mississippi River.  Bunkers (marine fuel) aboard the Vessel are, upon information and belief, owned by United Bulk, and funds of United Bulk will be held by a local agent, Norton Lilly.

## FACTS

5.

The vessel concerned in respect of this claim is the M/V GREAT PROSPERITY (the "PROSPERITY").  On or about April 23, 2015 Jaldhi chartered the PROSPERITY from Solebay Shipping Ltd. BVI ("Solebay"), as disponent owner for the carriage of about 60,000 metric tons of soybeans from South America (Brazil, Argentina or Uruguay at charterer's option) to China.  A copy of the Solebay-Jaldhi charter party dated 23 April 2015 is attached hereto as Exhibit A.  Solebay and Jaldhi were intermediate charterers in a long charter party chain extending from the head owner at the top of the charter party chain to the final voyage charterer at the bottom of the chain.

6.

Jaldhi in turn sub-chartered the PROSPERITY to the defendant, United Bulk, for the carriage of the soybeans from South America to China on terms similar to the Solebay-Jaldhi charter.  A copy of the Jaldhi-United Bulk fixture recap dated 17 April 2015 is attached hereto as Exhibit B.

7.

Pursuant to the charterers' instructions, the PROSPERITY proceeded to Uruguay and Argentina to load the cargo of soybeans.  The cargo was loaded at Montevideo, Uruguay and Bahia Blanca, Argentina on or about June 22-26, 2015.  Upon discharge of the cargo at Qingdao, China, it was discovered that some of the soybeans were allegedly discolored and damaged.  The cargo receivers in China have claimed a total loss of about 8,200 metric tons of cargo as well as a shortage of about 200 metric tons.  The cargo receivers have lodged a claim against the owner of the PROSPERITY for about US$9.3 million, exclusive of interest and costs.  Upon information

and belief, the head owner's P&I Club has furnished security to the cargo receivers and has claimed counter-security from its contractual party down the charter party chain.

8.

On November 9, 2015, Jaldhi received an email from Solebay requesting back to back security from Jaldhi in the amount of "US$12,616,579.16 as quantified in Holman's letter dated 6 November 2015 . . . ."  Copies of Solebay's lawyer's email dated 9 November 2015, along with Holman's letter dated 6 November 2015, are attached hereto as Exhibit C.

9.

On or about November 13, 2015, Solebay obtained a warrant from the High Court of South Africa to arrest the bunkers on the M/V ATLANTIC LEGEND, which was under charter to Jaldhi, and which bunkers are the property of Jaldhi.  A copy of the Notice of Arrest issued by the order of the High Court of South Africa and signed by the Sheriff for Lower Umfolozi dated November 13 2015 is attached hereto as Exhibit D.  The vessel is presently under arrest at the port of Richards Bay while Jaldhi arranges to provide security to Solebay in the amount of $12,616,579.16.

10.

The evidence indicates that the soybean loaded on the PROSPERITY at Montevideo were not fit to withstand the voyage to China and were of a dangerous nature, which condition(s) were not disclosed to the vessel.  The Jaldhi-United Bulk charter incorporates the U.S. Carriage of Goods by Sea Act ("COGSA"), which provides a complete defense to Jaldhi for the cargo claim.  In the circumstances, Jaldhi requests counter-security from United Bulk in the amount of $12,616,579.16, plus court and United States Marshal's fees and expenses incident to this application.

11.

Pursuant to the Local Admiralty Rules, Jaldhi holds the U.S. Marshal and all of his deputies harmless for seizing the property of United Bulk aboard the Vessel.

### Count 1: Breach of Maritime Contract

12.

Jaldhi re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

13.

United Bulk has breached its maritime contract with Jaldhi as the parcels of cargo did not conform to the description of soybeans, which could withstand the ordinary voyage, and such parcels caused damage by moisture migration and self-heating to other parcels of cargo. United Bulk also failed to warn Jaldhi and the vessel of the dangerous nature of the cargo, thereby breaching the terms of the contract of carriage.

14.

For this claim of breach of maritime contract, Jaldhi therefore seeks security from United Bulk as set out below.

### Count II: Rule B Relief

15.

Jaldhi re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

16.

Jaldhi seeks issue of process of maritime attachment so that it may obtain security for the cargo claim. No security for Jaldhi's claim has been posted by United Bulk or anyone acting on its behalf to date. Jaldhi files this maritime attachment proceeding for purposes of obtaining security, including breach of contract damages, anticipated attorneys' fees and/or other fees

and/or costs, in connection with Jaldhi's claims against United Bulk pursuant to a contract between Jaldhi and United Bulk.

17.

Garnishees are the Master of the Vessel, who controls the Vessel and property aboard the Vessel, including bunkers; the Local Husbanding Agent (Norton Lilly) for the Vessel; and, all others holding property of United Bulk in this District (herein collectively, "Property").

18.

Jaldhi requests the garnishment of such Property for the total amount of $12,616,579.16, plus costs, and attorneys' fees, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B")

19.

Upon information and belief, and after investigation, Defendant, United Bulk, cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, assets in this District, including the Property as described herein.

## DAMAGES

20.

Plaintiff re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

21.

As a result of the breach of maritime contract, Jaldhi has suffered damages as follows:

    (a)    $9.3 million;

    (b)    Interest on the above amount; and

    (c)    Cost, expenses and attorneys' fees as provided in the applicable contract, anticipated at $3,316,579.16;

**Total** (estimated):   $12,616,579.16

**WHEREFORE**, Jaldhi prays:

A. That in response to Counts I and II, since defendant United Bulk cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B, attaching all of United Bulk's tangible or intangible property or any other funds held by any garnishee, which are due and owing to defendant United Bulk in the amount of $12,616,579.16 demanded herein to secure Jaldhi's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

B. That this Court award Jaldhi such other and further relief that this Court deems just and proper.

**Dated**: November 19, 2015

        Respectfully submitted,

*/s/ L. Etienne Balart*
L. Etienne Balart (La. Bar #24951)
Hansford P. Wogan (La. Bar #34825)
Jones Walker LLP
201 St. Charles Ave
48th Floor
New Orleans LA 70170-5100
Telephone: (504) 582-8584
Facsimile: (504) 582-8584
Email: ebalart@joneswalker.com
      fwogan@joneswalker.com
**Attorneys for Jaldhi Overseas Pte Ltd.**

**OF COUNSEL**
Rahul Wanchoo, Esq
Wanchoo Law Offices, LLP
350 Fifth Avenue, 59th Floor
New York, NY 10118
Telephone: (646) 593-8866
Email: rwanchoo@wanchoolaw.com