UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JALDHI OVERSEAS PTE LTD. | * | CIVIL ACTION |
| VERSUS | * | NO. 15-CV-6148 |
| UNITED BULK CARRIERS INTERNATIONAL LTDA, *in personam*, and THE MASTER OF THE M.V. PEDHOULAS FARMER and NORTON LILLY INTERNATIONAL, *as garnishees* | * | SECTION "J" |
| | * | JUDGE BARBIER |
| | | MAG. NORTH |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION TO VACATE MARITIME ATTACHMENT**

MAY IT PLEASE THE COURT:

Societa' Commerciale E Finanziaria S.R.L. ("SCF"), appearing solely and restrictively as the time charterer of the M/V PEDHOULAS FARMER, makes this limited appearance pursuant to Rule E(8), with a full reservation of all rights and defenses, to vacate the wrongful attachment of the bunkers (marine fuel) aboard its time chartered vessel, the M/V PEDHOULAS FARMER, on the grounds that plaintiff, Jaldhi Overseas PTE Ltd. ("Jaldhi"), has failed to assert a claim and, in fact, has no claim against the owner of the bunkers aboard the M/V PEDHOULAS FARMER, which is ADM Intermare, the sub-time charterer of the vessel. Jaldhi's claim in this litigation is

1

against United Bulk Carriers International LTDA ("UBCI"), but UBCI is not a charterer of the M/V PEDHOULAS FARMER and is not the owner of the bunkers aboard the M/V PEDHOULAS. For these reasons, Jaldhi's attachment of the bunkers, which is interfering with SCF's time charter of that vessel, is wrongful and improper and should be immediately vacated.

## Factual Background

Plaintiff is a Singapore corporation that entered into a time charter agreement with UBCI, a Funchal-Madeira corporation, for the charter of the M/V GREAT PROSPERITY. (See charter party, attached as Exhibit "B" to plaintiff's Verified Complaint, Rec. Do. 1). Plaintiff alleges that UBCI should post security of $12,616,579.16 with respect to a cargo claim that arose during the charter of the M/V GREAT PROSPERITY. (Rec. Doc. 1). Pursuant to Clause 65 of that charter party, plaintiff is required to arbitrate any disputes with UBCI in London.

In the present proceeding, plaintiff attached the bunkers aboard the M/V PEDHOULAS FARMER pursuant to Supplemental Rule B, alleging that the bunkers are owned by UBCI. However, plaintiff's Rule B attachment of the bunkers is wrongful and legally insupportable. Importantly, Jaldhi has provided no evidentiary support, despite repeated requests, for its erroneous contention that UBCI owns the attached bunkers.

UBCI is not a time charterer of the M/V PEDHOULAS FARMER. (See Exhibit 1, Declaration of Giuseppe De Andre', a director of SCF (hereafter "SCF Declaration")

and Exhibit 2, Declaration of Constantino Mussi, a director of UBCI (hereafter "UBCI Declaration")). Rather, SCF time chartered the vessel from the registered owner, Maxeikosiena Shipping Corporation, on 14 August 2015. (See Exhibit 1, SCF Declaration, attaching the relevant time charter party fixture recap and incorporated charter party as Exhibit "A"). In turn, SCF sub-time chartered the vessel to ADM Intermare on 22 October 2015. (See Exhibit 1, SCF Declaration, attaching the relevant time charter party fixture recap attached as Exhibit "B"). UBCI is not a time charterer of the M/V PEDHOULAS FARMER, as incorrectly alleged in Jaldhi's complaint.

Most importantly, UBCI is not the owner of any bunkers aboard the M/V PEDHOULAS FARMER. The bunker owner is ADM Intermare. (See Exhibit 1, SCF Declaration; Exhibit 2, UBCI Declaration).

The SCF-ADM Intermare time charter consists of a fixture recap incorporating a New York Produce Exchange Form ("NYPE") charter, a very common time charter form. (See Exhibit 1, SCF Declaration, Exhibit "B"). The fixture recap provides in point 18, page 5, that the charter party terms are set forth in the fixture recap "Otherwise as per attached executed CP with logical amendments and main terms agreed." The fixture recap incorporates the terms of the NYPE charter party dated 22 August 2014 between Maxeikosiena Shipping Corporation and Cargill International S.A. for the M/V PEDHOULAS FARMER into SCF-ADM Intermare's charter party for the same vessel.

3

The NYPE form provides at Clause 2, line 39 " . . . the charterer shall provide and pay for all fuel except as otherwise agreed . . .".  The SCF-ADM Intermare fixture recap also clearly provides that the vessel would be delivered to ADM Intermare when the vessel passed Gibraltar westbound (Article 7) and required that ADM Intermare make its first hire payment and pay for the value of the bunkers on delivery within three banking days after delivery (Article 9).

ADM Intermare did, in fact, pay for the bunkers when it made its first charter payment to SCF on 26 October 2015 (See Exhibit 1, SCF Declaration, Exhibit "C"). Exhibit C contains ADM Intermare's first hire payment advance, dated 26 October 2015, totaling $652,463.38, which included payments for "BOD", bunkers on delivery, in the amount of $498,550.08.  The total charter payment was sent by ADM Intermare to SCF on 26 October 2015.  (See Exhibit 1, SCF Declaration.)

Thus, the SCF-ADM Intermare charter party confirms that ADM Intermare became the owner of the bunkers aboard the M/V PEDHOULAS FARMER as of 26 October 2015, and ADM Intermare still owned those bunkers when the vessel arrived in the Mississippi River to load a grain cargo in November 2015.  Moreover, the SCF Declaration confirms that all bunkers aboard the M/V PEDHOULAS FARMER, when the vessel arrived in the Mississippi River in November 2015 and through the date of this Declaration, 23 November 2015, were owned by ADM Intermare.

Jaldhi's wrongful attachment of the bunkers is interfering with SCF's time charter of the M/V PEDHOULAS FARMER. SCF therefore has an interest in this matter and is entitled to an immediate post-seizure hearing and, thereafter, to an order vacating the wrongful attachment of the bunkers aboard the M/V PEDHOULAS FARMER.

**Law and Argument**

Rule B(1)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach **the defendant's** tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

(Emphasis added). Thus, Rule B makes clear that the attachment must be of the defendant's property.

Once a vessel has been attached pursuant to Rule B, Rule E(4)(f) provides:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing **at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.**

(Emphasis added). Thus, plaintiff has the burden of showing why the attachment should not be vacated.

5

Here, in order to meet its burden of justifying the attachment, plaintiff must establish a legal right to attach the bunkers aboard the M/V PEDHOULAS FARMER to secure a debt allegedly owed by UBCI. This plaintiff cannot do.

Plaintiff has no basis to allege that the bunkers aboard the M/V PEDHOULAS FARMER are owned by UBCI or that UBCI is a charterer of the vessel. The attached Declarations confirm that SCF time chartered the vessel from its registered owner and, in turn, sub-time chartered the vessel to ADM Intermare. (See Exhibit 1, Declaration of SCF). Importantly, under the terms and conditions of the applicable charter party, ADM Intermare was required to purchase the bunkers aboard the vessel at the time of delivery from SCF (See Exhibit 1, SCF Declaration, Exhibit "B" – Articles 7 and 9 of fixture recap). And Exhibit "C" attached to Exhibit 1, the SCF Declaration, confirms that ADM Intermare paid for those bunkers and, therefore, became the owner of the bunkers aboard the vessel on or about 26 October 2015, before the vessel arrived in New Orleans.

Plaintiff has made no showing whatsoever and has no evidentiary documentation to support its baseless allegation that the bunkers aboard the M/V PEDHOULAS FARMER were owned by UBCI at any time, but most significantly, when the attachment pleadings were filed on 19 November 2015.

Because Rule B permits attachment only of "the defendant's tangible or intangible property" and Jaldhi has not sued ADM Intermare, the owners of the bunkers aboard the

M/V PEDHOULAS FARMER, this attachment should be vacated. There is no basis for Jaldhi's Rule B attachment of bunkers aboard the M/V PEDHOULAS FARMER that are not owned by UBCI but are owned by ADM Intermare.

## CONCLUSION

SCF maintains that Jaldhi cannot legally justify its attachment of bunkers aboard the M/V PEDHOULAS FARMER and, therefore, plaintiff's attachment of the M/V PEDHOULAS FARMER's bunkers should be vacated at plaintiff's costs.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS

*/s/ Robert H. Murphy*

_____
Robert H. Murphy #9850
rmurphy@mrsnola.com
Peter B. Sloss #17142
psloss@mrsnola.com
Timothy D. DePaula #31699
tdepaula@mrsnola.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
*Attorneys for Societa' Commerciale E Finanziaria S.R.L.*

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on 23 November 2015, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

*/s/ Robert H. Murphy*
_____

300/5074