```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

JALDHI OVERSEAS PTE LTD.                    CIVIL ACTION


VERSUS                                      NO: 15-6148


UNITED BULK CARRIERS                        SECTION: "J"(3)
INTERNATIONAL LTDA., ET AL.
```

## ORDER AND REASONS

Before the Court is a *Motion to Alter or Amend or, Alternatively, Motion for a New Trial* **(Rec. Doc. 31)** filed by Claimant, Societa' Commerciale E Finanziaria S.R.L. ("SCF"), an *Opposition* thereto **(Rec. Doc. 33)** filed by Plaintiff, Jaldhi Overseas PTE LTD. ("Jaldhi"), and a reply **(Rec. Doc. 36)** filed by SCF. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Jaldhi is a Singapore corporation that operates and charters vessels worldwide. On November 19, 2015, Jaldhi filed a Verified Original Complaint for Rule B Maritime Attachment and Garnishment against Defendant United Bulk Carriers International LTDA ("United Bulk"). (Rec. Doc. 1.) United Bulk is a Maderia corporation and the alleged charterer of the vessel M/V PEDHOULAS

1

FARMER ("the Vessel"), which was then present in this District. Jaldhi asserted that it had a claim for breach of contract for nonconforming cargo against United Bulk. It sought to arrest the Vessel's bunkers as security for its cargo claim. Jaldhi also filed a Motion Authorizing Issuance of Process of Maritime Attachment and Garnishment. (Rec. Doc. 2.) Based on Jaldhi's Complaint, this Court granted the Motion for Maritime Attachment and Garnishment. (Rec. Doc. 4.) Accordingly, the bunkers of the Vessel were attached.

On November 23, SCF filed a Verified Statement of Right or Interest, claiming that it was a time charterer of the Vessel. (Rec. Doc. 9.) On the same day, SCF filed a Motion to Vacate Maritime Attachment, in which it asserted that United Bulk was neither a charterer of the Vessel nor an owner of the Vessel's bunkers. Instead, SCF claimed that ADM Intermare ("ADM"), the sub-time charterer of the vessel, owned the bunkers.

Subsequently, ADM filed a Statement of Right or Interest. (Rec. Doc. 13.) ADM then filed a Motion to Dissolve Attachment (Rec. Doc. 16), which echoed the arguments raised by SCF in its motion. The Court granted SCF's and ADM's Motions to Expedite and set the motions for hearing on November 25, 2015. (Rec. Doc. 18.) Jaldhi opposed the motions on November 24. (Rec. Doc. 21.)

At the hearing, the Court granted the motions filed by SCF and ADM and vacated the attachment of the bunkers. (Rec. Doc. 25.) The Court found that SCF chartered the Vessel to ADM on or about October 24, with United Bulk acting as a guarantor for SCF's performance. (Rec. Doc. 32, at 51.) At that time, ADM became the owner of the bunkers. *Id.* at 51-52. Because United Bulk did not own the bunkers at the time of attachment, the Court vacated the attachment. The parties submitted a proposed order to that effect, which this Court entered on November 30. (Rec. Doc. 28.) On December 2, Jaldhi filed a Notice of FRCP 41 Voluntary Dismissal, closing the case. On December 7, the Court entered an Order confirming the dismissal of the case without prejudice and ordering each party to bear its own costs. (Rec. Doc. 30).

On December 17, SCF filed the instant motion, asking this Court to amend its December 7 Order to eliminate the requirement that each party pay its own costs. Jaldhi opposed the motion on January 5, 2016. On January 12, this Court granted leave for SCF to file a reply memoranda. (Rec. Doc. 35.)

## PARTIES' ARGUMENTS

In its motion, SCF requests that this Court amend its December 7 Order pursuant to Federal Rule of Civil Procedure 59(e). SCF takes issue with the phrase "with each party to bear its own costs"

3

for two reasons. First, it emphasizes that Jaldhi did not use this language in its Notice of Dismissal. Second, SCF argues that it is entitled to costs under 28 U.S.C. § 1921 for "keeping of the property" attached by Jaldhi. SCF notes that it did not have the opportunity to file a Motion to Tax Costs before the Court entered its December 7 Order. SCF claims that the Order amounts to a deprivation of due process. Thus, SCF argues that the amendment is necessary to correct a manifest error of law and fact and to prevent manifest injustice. Alternatively, SCF asked this Court to grant it a new trial on the issue of costs.

In its opposition, Jaldhi raises two arguments. First, it claims that its Notice of Dismissal automatically terminated the lawsuit. Accordingly, it argues that SCF was not entitled to request costs after the dismissal of the lawsuit. Second, Jaldhi addresses the merits of SCF's claim for costs. Jaldhi argues that SCF was not an "innocent third party" in this case. Rather, it claims that SCF was the nominee of United Bulk and was directly involved in chartering the Vessel. Thus, Jaldhi argues that an amendment of the Court's December 7 Order is not warranted.

SCF filed a reply, in which it challenged Jaldhi's assertion that the Notice of Voluntary Dismissal precluded it from seeking costs. SCF argues that the district courts retain jurisdiction to

decide collateral issues after the main claim has been dismissed. In addition, SCF asserts that Jaldhi invoked this Court's subject matter jurisdiction and submitted to personal jurisdiction by filing suit in this Court. Accordingly, SCF claims that Jaldhi is subject to Court-ordered and statutory obligations to hold harmless and indemnify the Marshal, its agents, servants, and all others for expenses incurred in the care and custody of the bunkers. Finally, SCF addresses the merits of its costs claim, arguing that it was an innocent third party because it did not own the bunkers at the time of the attachment.

## **LEGAL STANDARD**

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable,

indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, No. 09-32957, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (Manifest error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law.") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Schiller*, 342 F.3d at 567. Courts of this District also allow the movant to show that the motion is necessary to prevent manifest injustice. *Philibert v. Ethicon, Inc.*, No. 04-220, 2004 WL 1922032, at *3 (E.D. La.

6

Aug. 25, 2004) (citing *Jackson v. F.I.E. Corp.,* No. 95-2398, 2004 WL 223982, at *1 (E.D.La.2004) (Lemmon, J.); *Robintee v. State Farm Mut. Auto. Ins. Co.,* No. 02-0842, 2003 WL 292306, at *1 (E.D. La. 2003) (Vance, J.); *United States v. Adams,* No. 99-88, 2002 WL 826770, at *1 (E.D.La. 2002) (Vance, J.)).

## DISCUSSION

SCF argues that it is entitled to an amended judgment because the Court's December 7 Order was manifestly erroneous in fact or law. However, a better basis for amendment is the "manifest injustice" theory. United States Code Title 28, Section 1921 provides:

> **(a)(1)** The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following: . . .
> **(E)** The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving.

28 U.S.C. § 1921. As SCF points out, the Fifth Circuit has applied this statute in a similar case. *Marastro Compania Naviera, S.A. v. Canadian Mar. Carriers, Ltd.*, 959 F.2d 49 (5th Cir. 1992). In *Marastro*, a judgment creditor wrongfully seized cargo belonging to a time charterer, which was forced to store and safeguard it. *Id.* at 52. The Fifth Circuit held that the charterer was entitled to

7

recover costs under Section 1921(a)(1)(E). *Id.* at 53-54. To prevent SCF from seeking similar costs would be manifestly unjust and may amount to a denial of due process of law. *See* U.S. Const. amend. XIV; *c.f. Virgin Islands National Bank v. Tropical Ventures, Inc.*, 358 F. Supp. 1203, 1206 (D.V.I. 1973) ("Defects in due process are uniformly held to justify a new trial" under Rule 59(d).).

Jaldhi's arguments in opposition are meritless. First, the Eastern District of Louisiana Local Rules contemplate that costs will be taxed after judgment is issued. Local Rule 54.3 provides:

> Within 35 days of receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who is allowed costs, must serve on the attorney for the adverse party and file with the clerk a motion to tax costs on the forms prescribed by the court, together with a certification that the items are correct and that the costs have been necessarily incurred.

LR 54.3. Clearly, the prevailing party may seek costs even after the case is closed. Moreover, the Supreme Court has held that district courts retain jurisdiction over collateral matters even after the case is dismissed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Such collateral matters include taxing attorneys' fees and costs. *See id.* These proceedings may occur even after the plaintiff voluntarily dismisses the case. *Id.* ("District courts may enforce [requests for sanctions under] Rule 11 even after the plaintiff has filed a notice of dismissal under

8

Rule 41(a)(1).")  Therefore, the fact that Jaldhi's Notice of Voluntary Dismissal closed the case does not affect SCF's ability to seek costs.

Because SCF has not yet filed a Motion to Tax Costs, the merits of its claim for costs are irrelevant at this time. However, because SCF has demonstrated manifest injustice, the Court's December 7 Order will be amended to omit the phrase "with each party to bear its own costs."

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that SCF's *Motion to Alter or Amend* **(Rec. Doc. 33)** is **GRANTED**.

New Orleans, Louisiana this 22nd day of January, 2016.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT COURT