```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

JALDHI OVERSEAS PTE LTD.                    CIVIL ACTION

VERSUS                                      NO: 15-6148

UNITED BULK CARRIERS                        SECTION: "J"(3)
INTERNATIONAL LTDA., ET AL.
```

## ORDER AND REASONS

Before the Court is a *Motion to Tax Costs Under 28 U.S.C. § 1921(a)(1)(E)* **(Rec. Doc. 40)** filed by Claimant, Societa' Commerciale E Finanziaria S.R.L. ("SCF"), and an *Opposition* thereto **(Rec. Doc. 41)** filed by Plaintiff, Jaldhi Overseas PTE LTD. ("Jaldhi"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff Jaldhi is a Singapore corporation that operates and charters vessels worldwide. On November 19, 2015, Jaldhi filed a Verified Original Complaint for Rule B Maritime Attachment and Garnishment against Defendant United Bulk Carriers International LTDA ("United Bulk"). (Rec. Doc. 1.) United Bulk is a Maderia corporation and the alleged charterer of the vessel M/V PEDHOULAS FARMER ("the Vessel"), which was then present in this District.

1

Jaldhi stated that it had a claim for breach of contract for nonconforming cargo against United Bulk. It sought to arrest the Vessel's bunkers as security for its cargo claim. Jaldhi also filed a Motion Authorizing Issuance of Process of Maritime Attachment and Garnishment. (Rec. Doc. 2.) Based on Jaldhi's Complaint, this Court granted the Motion for Maritime Attachment and Garnishment. (Rec. Doc. 4.) Accordingly, the bunkers of the Vessel were attached.

On November 23, SCF filed a Verified Statement of Right or Interest, claiming that it was a time charterer of the Vessel. (Rec. Doc. 9.) On the same day, SCF filed a Motion to Vacate Maritime Attachment, in which it asserted that United Bulk was not a charterer of the Vessel or an owner of the Vessel's bunkers. Instead, SCF claimed that ADM Intermare ("ADM"), the sub-time charterer of the vessel, owned the bunkers. Subsequently, ADM filed a Statement of Right or Interest. (Rec. Doc. 13.) ADM then filed a Motion to Dissolve Attachment (Rec. Doc. 16), which echoed the arguments raised by SCF in its motion. The Court granted SCF's and ADM's Motions to Expedite and set the motions for hearing on November 25, 2015. (Rec. Doc. 18.) Jaldhi opposed the motions on November 24. (Rec. Doc. 21.)

At the hearing, the Court granted the motions filed by SCF and ADM and vacated the attachment of the bunkers. (Rec. Doc. 25.) The Court found that SCF chartered the Vessel to ADM on or about October 24, with United Bulk acting as a guarantor for SCF's performance. (Rec. Doc. 32, at 51.) At that time, ADM became the owner of the bunkers. *Id.* at 51-52. Because United Bulk did not own the bunkers at the time of attachment, the Court vacated the attachment. The parties submitted a proposed order to that effect, which this Court entered on November 30. (Rec. Doc. 28.) On December 2, Jaldhi filed a Notice of FRCP 41 Voluntary Dismissal, closing the case. On December 7, the Court entered an Order confirming the dismissal of the case without prejudice and ordering each party to bear its own costs. (Rec. Doc. 30).

On December 17, SCF filed a Motion to Amend, asking this Court to amend its December 7 Order to eliminate the requirement that each party pay its own costs. The Court granted the motion on January 22, 2016. SCF subsequently filed the instant Motion to Tax Costs. Jaldhi opposed the motion on February 16, 2016.

**PARTIES' ARGUMENTS**

SCF claims that it is entitled to costs pursuant to United States Code Title 28, Section 1921(a)(1)(E). According to SCF, it

3

incurred expenses for storing the bunkers attached by Jaldhi. SCF argues that it is entitled to the following costs:

 (a) Daily charter hire of $10,750 for 4 days and 23 hours for total hire cost of $51,218.03;
 (b) Vessel bunkers consumed totaling $6,940; and
 (c) Agency expenses of $8,750.00.

(Rec. Doc. 40-1, at 4) (citations omitted). SCF points to Fifth Circuit precedent in support of its claim. *See Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49 (5th Cir. 1992). SCF argues that *Marastro* authorizes an award of costs to a third party that is forced to store attached property. Finally, SCF asserts that *Marastro* and Section 1921(a)(1)(E) do not require a showing of bad faith or negligence on the part of the attaching party. Because it was not a party to the dispute between Jaldhi and United Bulk, SCF argues that it is entitled to costs.

 Jaldhi opposes SCF's motion for seven reasons. First, Jaldhi argues that SCF's motion is untimely because SCF did not file it within thirty-five days of the Court's Order to Vacate Attachment. Second, Jaldhi argues that SCF is not entitled to costs because Section 1921(a)(1)(E) only allows the United States Marshal to recover costs. Section 1921 does not authorize a private right of action. Third, Jaldhi argues that *Marastro* does not apply because SCF previously sought to recover damages for wrongful attachment.

4

SCF's claimed damages are identical to its claimed costs. This Court previously found that Jaldhi's attachment was not wrongful or done in bad faith. Thus, Jaldhi claims that SCF is trying to convert its would-be wrongful arrest damages into costs, without the required showing of bad faith.

Fourth, Jaldhi argues that SCF is not an "innocent third party." Jaldhi argues that the *Marastro* court equitably awarded damages to a third party that was forced to incur costs because of a dispute between two other parties. In contrast, Jaldhi asserts that SCF was the alter ego or guarantee of United Bulk, the defendant in this case. Jaldhi also points out that SCF's charter with ADM was temporarily revoked during the bunker attachment. As a result, SCF was the owner of the bunkers consumed during this time. Thus, Jaldhi argues that SCF was not an innocent third party to the dispute.

Jaldhi's fifth and sixth arguments focus on the sufficiency of SCF's proof. Jaldhi claims that SCF failed to prove that it incurred additional costs for storing the bunkers. The bunkers were stored aboard the Vessel for the duration of the attachment. Jaldhi also points out that Section 1921 does not identify charter hire as a taxable cost. In addition, Jaldhi argues that agency expenses are incurred regardless of the storing of property. Sixth,

5

Jaldhi attacks the reliability of SCF's evidence. Seventh and finally, Jaldhi argues that SCF failed to mitigate its damages. As an involved party in the lawsuit, Jaldhi argues that SCF could have posted security to avoid incurring costs. Thus, Jaldhi argues that SCF's claim for costs should be denied.

## LEGAL STANDARD AND DISCUSSION

Section 1921 provides:

> **(a)(1)** The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:
> . . . **(E)** The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving.

28 U.S.C. § 1921. In *Marastro*, the Fifth Circuit held that a private party may also recover such costs. 959 F.2d at 53-54. *Marastro* involved a seizure of a cargo of corn on a vessel in the Mississippi River. *Id.* at 50. The vessel's time charterer, Canadian Maritime Carriers, Ltd. ("Canadian"), intervened to recover damages for wrongful seizure. *Id.* at 50-51. The Fifth Circuit found that the plaintiff's seizure was not in bad faith, so Canadian was not entitled to damages. *Id.* at 53. However, the Circuit found that Canadian's vessel was forced to store and safeguard the seized cargo. *Id.* Because Canadian was an "innocent third party" to the

dispute, requiring Canadian to absorb the storage costs would be unfair. *Id.* Thus, the Fifth Circuit ordered the plaintiff to pay for Canadian's storage fees, including charter hire, bunker fuel, pilotage from load berth to anchorage, launch service while at anchorage, and agency fees while detained. *Id.* at 53-54.

The plaintiff in *Marastro* requested a rehearing, arguing that Section 1921 does not authorize a private right of action. *See Marastro Compania Naviera S.A. v. Canadian Maritime Carriers, Ltd.*, 963 F.2d 754, 756 (5th Cir. 1992). The Fifth Circuit rejected this argument as follows:

> The court holds the marshal responsible for the execution of the writ, including the storage and safekeeping of the seized property[,] although it is customary and common practice for the marshal on occasion to delegate certain of these duties, including storage and safekeeping[,] to others. . . . Canadian was forced to assume all the duties and responsibilities of a custodian warehouseman for the marshal. If he delegates the responsibility for storing and safekeeping to a third party as he did in this case, it is mandatory under 28 U.S.C. § 1921(a)(1)(E) for him to collect all fees and expenses from the seizing creditor . . . . We have held that the custodian does not forfeit his right to payment because of the marshal's failure to perform his duties . . . .

*Id.* at 757. The Circuit held that Section 1921 allows a private right of action. However, it also emphasized that Canadian was entitled to costs because it (1) was not a litigant on the merits, (2) had no proprietary interest in the seized object, and (3) had

7

no proprietary interest in whether the seizure was lawful or whether the seizing party was in good faith. *Id.* at 756. Thus, Canadian was an innocent third party to the dispute and entitled to reimbursement for its costs.

In this case, Jaldhi argues that only the marshal can recover costs under Section 1921. However, this Court is bound by the decisions of the Fifth Circuit, including *Marastro*. Moreover, courts of this District have applied *Marastro* when an "innocent third party" intervenes in a vessel seizure case. *See A. Coker & Co. v. Nat. Shipping Agency Corp.*, No. 99-1440, 1999 WL 350035 (E.D. La. May 27, 1999) (Vance, J.). Thus, *Marastro* applies to SCF's claim for costs. This Court must determine whether SCF is an "innocent third party" under *Marastro*.

In *Marastro*, the "innocent third party" was the time charterer of the vessel, which was forced to absorb storage costs due to the seizure. Similarly, the "innocent third party" in *A. Coker* was the vessel's owner, which had no interest in the merits of the seizure suit. *A. Coker*, 1999 WL 350035, at *1. SCF is not an innocent third party that intervened in the suit to recover costs. Rather, SCF filed a Statement of Right or Interest, asserting that it was a time charterer of the Vessel. (Rec. Doc. 9.) Rule C of the Supplemental Rules for Admiralty or Maritime Claims provides that

8

a verified statement of right or interest indicates a "right of possession or any ownership interest in the property that is the subject of the action." FRCP SUPP AMC Rule C(6)(a)(i). Thus, SCF claimed a right of possession or an ownership interest in the bunkers and proceeded to defend the lawsuit.

SCF was also closely connected with United Bulk. While the Court never expressly found that SCF was the alter ego of United Bulk, it found that United Bulk was SCF's guarantor on the charter to ADM. (*See* Rec. Doc. 32, at 51.) SCF's position is similar to the time charterer's in *A. Coker*. In that case, the time charterer moved to vacate the attachment of the bunkers, arguing that it was the true owner of the bunkers. *See A. Coker*, 1999 WL 350035, at *1. However, the plaintiff established probable cause that the charterer was an alter ego of the defendant, precluding the Court from vacating the attachment. *Id.* Notably, the time charter did not argue that it was an innocent third party to the dispute. *See id.* Rather, the vessel owner, which had no interest in the rightfulness of the seizure, asserted innocent third party status. *Id.* Here, SCF was closely connected with United Bulk and had an interest in the merits of the seizure, like the time charterer in *A. Coker*. SCF's connection to United Bulk precludes it from "innocent third party" status.

9

SCF clearly asserted a proprietary interest in the bunkers and was a litigant on the merits of the seizure. Thus, it is not an "innocent third party" to the seizure suit according to *Marastro*. SCF is not entitled to recover its storage costs from Jaldhi.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that SCF's *Motion to Tax Costs* **(Rec. Doc. 40)** is **DENIED**.

New Orleans, Louisiana this 4th day of March, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT